1  SHELDON J. WARREN, No. 096668
   **LAW OFFICES OF SHELDON J. WARREN,**
2  a Professional Law Corporation
   P. O. Box 30220
3  Long Beach, California 90853
   Telephone:   562.433.9688
4  Facsimile:   562.433.9711

5  Attorneys for Defendants
   INTERMATIC INCORPORATED and COMBS
6  DEVELOPMENT, INC.

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11 | NATIONWIDE MUTUAL         | **NO. 06-CV-01127-LJO-DLB**
   | INSURANCE COMPANY,        | **[Action Filed 07/17/2006]**
12 |                           |
   |          Plaintiff,       | **[DENNIS L. BECK, U.S. MAGISTRATE**
13 |                           | **JUDGE]**
   |    v.                     |
14 |                           |
   | INTERMATIC, INC., ENERGY  | **STIPULATED PROTECTIVE ORDER**
15 | HOUSE, and DOES 1 through 25, |
   |                           | **TRIAL DATE: OCTOBER 22, 2007**
16 |          Defendants.      |

17

18

19

20        The parties, recognizing that defendant INTERMATIC

21 INCORPORATED ("INTERMATIC") possesses valuable trade secrets and other

22 confidential information which may be the subject of appropriate discovery

23 pursuant to the Federal Rules of Civil Procedure in this proceeding, but which

24 should not be made available to the public generally, hereby stipulate that:

25        **I.**   All documents produced by INTERMATIC, or information

26 disclosed by INTERMATIC and designated as "confidential" by INTERMATIC,

27 shall be revealed, except as provided below, only to counsel in this case. Such

28

{00007538.DOC}

**STIPULATED PROTECTIVE ORDER**

information may include confidential, proprietary and/or trade secret information supplied by INTERMATIC in response to discovery demands or requests.

**II.**  Any party to the action, at any time after receipt of any document marked "confidential," may apply upon noticed motion to the Court for a ruling that such document is not entitled to "confidential" status or protection from disclosure to the public or certain individuals.  This agreement does not change the burden of proof of the parties regarding whether or not any information is entitled to protection from disclosure as being confidential.

**III.**  Any information provided to any party by INTERMATIC and marked by INTERMATIC as "confidential" shall not be disclosed to any person or persons except counsel and retained experts and only as provided for below.

**IV.**  If counsel for any party determines that any documents or information produced by INTERMATIC in this action and designated by INTERMATIC as "confidential" needs to be revealed to a prospective or actual witness, including any expert witness, counsel may reveal the designated documents or information to such person, but only after complying with the following:

(a)  Counsel for the party shall have the prospective or actual witness (including any expert) read this order and shall explain the contents thereof to such witness who shall, before receiving any documents which are the subject of this order, agree not to reveal the data contained in such documents and to be bound by this Order.  If said witness is compelled to testify in any other action or proceeding concerning this data, he or she will assert the privilege with respect thereto and shall produce a copy of this order and his or her declaration under penalty of perjury;

(b)  During any deposition, a deponent may be shown and questioned about the confidential documents which are the subject of this order.  However, prior to showing a deponent any such confidential documents, the

witness will be informed that the documents are confidential and subject to this Protective Order and that the documents and information contained therein cannot be shown to anyone or otherwise used by that witness.  Any such confidential information which appears or is otherwise referenced in the deposition transcripts shall be designated as such by underlining those portions of the transcript which concern the confidential information and stamping the pages upon which the reference or excerpt appears as "confidential."  Thereafter, all parties, witnesses and/or the court reporting firm maintaining any copies of the deposition transcript marked "confidential" shall honor the confidentiality of these portions of the transcript and refrain from producing same outside the confines of this litigation.

**V.**  Confidential information reached by this order and developed, revealed by or included in any discovery proceedings, whether in the form of deposition transcripts, interrogatory answers, or document production, shall only be filed with the Court under seal.

**VI.**  Documents marked "confidential" and other confidential information may be offered in evidence at any court hearing by counsel for any party only after INTERMATIC has had an opportunity to request the evidence first be received *in camera* or in some other manner which prevents unnecessary disclosure.  Additionally, any party shall advise INTERMATIC of its intention to use any confidential information at trial in advance of its use, so that INTERMATIC may first request an *in camera* hearing with respect to such confidential information and a court order regulating the use of such information so as to protect its confidentiality.

**VII.** Counsel for any party, and any experts retained by any party, shall be responsible for the security of any documents reached by this order and shall not show or reveal the contents of any such documents to any parties, including associates and employees, whose involvement in this case is not required.  In the

1  event disclosure is required, it may be made only after such associate, employee or
2  other party has seen this order, understands its terms and agrees to abide by them.
3        **VIII.**   The provisions of this order shall not terminate at the
4  conclusion of this action.  Unless the Court orders otherwise, within 90 days of the
5  conclusion of the proceedings in this litigation, counsel for all parties shall certify
6  compliance with all terms and conditions of this order and shall deliver all
7  documents and other information produced by INTERMATIC that are the subject
8  of this order, including any copies, extracts or summaries thereof, and the signed
9  declarations from prospective or actual witnesses (including any experts) as
10 referenced in paragraph IV.(a) of this Protective Order, to counsel for
11 INTERMATIC.  Counsel for INTERMATIC shall maintain copies of all documents
12 produced to any party pursuant to this Protective Order for five years following the
13 conclusion of this action.  In the event an action is commenced against counsel for
14 any party arising out of this action, wherein such documents are relevant, counsel
15 for INTERMATIC will make such documents available to counsel for any party
16 subject to the terms of this order.
17       **IX.**   Violation of the terms of this Order by any person shall be
18 punishable as a contempt of court.
19       **X.**   This Protective Order may be executed in counterpart and a faxed
20 signature will be deemed valid for all purposes.
21
22 Dated:  April 26, 2007

**LAW OFFICES OF SHELDON J. WARREN**

By  /s/
SHELDON J. WARREN
Attorneys for Defendants
INTERMATIC INCORPORATED and COMBS DEVELOPMENT, INC.

28 ////

{00007538.DOC}

-4-

**STIPULATED PROTECTIVE ORDER [PROPOSED]**

1 | Dated: April 25, 2007

**CHOLAKIAN & ASSOCIATES**

By    /s/
   DAVID L. HART
   Attorneys for Plaintiff NATIONWIDE MUTUAL INSURANCE COMPANY

## **ORDER**

Documents may be filed with the Court under seal only upon Order of Court pertaining to the particular documents, otherwise, GOOD CAUSE APPEARING for this Protective Order, it is so ordered.

DATED: April 26, 2007     __/s/ Dennis L. Beck_____
   THE HONORABLE DENNIS L. BECK
   U.S. MAGISTRATE JUDGE

{00007538.DOC} -5-
STIPULATED PROTECTIVE ORDER [PROPOSED]