# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONWIDE MUTUAL INSURANCE CO., | CASE NO. CV-F-06-1127-LJO-DLB |
| Plaintiff, | **ORDER ON MOTION IN LIMINE** |
| vs. | |
| INTERMATIC INCORPORATED and COMBS DEVELOPMENT, INC., | |
| Defendants. | |

## I. Introduction

In this subrogation action, Defendants Intermatic Incorporated and Combs Development, Inc. (collectively "Intermatic") filed a motion in limine to exclude any evidence of other incidents involving Intermatic products, specifically Intermatic pool timers ("other incidents"), that Plaintiff Nationwide Mutual Insurance Company ("Nationwide") may seek to introduce at the October 22, 2007 jury trial. A hearing on this motion in limine took place on September 25, 2007 at 8:30 a.m in Courtroom 4 (LJO). Plaintiff Nationwide appeared by telephone by counsel Colin Hatcher, Cholakian and Associates. Defendants Intermatic and Combs Development, Inc. appeared by counsel Sheldon Warren, Law Offices of Sheldon Warren. Having considered the arguments on the record, as well as the written points and authorities submitted by counsel, this Court GRANTS Intermatic's motion in limine to exclude all evidence of other incidents of Intermatic pool timers for all purposes.

## II. Background

This is a subrogation action filed by Nationwide as a result of a loss arising out of a fire that occurred on August 5, 2004. Nationwide claims the fire was caused by a defective Intermatic pool timer designed and manufactured by Intermatic Incorporated and sold to Nationwide's insureds by Combs

Development, Inc. Nationwide paid its insureds pursuant to an insurance policy and now seeks to recover those monies from Intermatic. The parties stipulated to damages in the amount of $76,000, but dispute liability. Nationwide claims the Intermatic pool timer was defective in both manufacture and design. Intermatic denies that the pool timer was defective and further denies that the pool timer caused the subject fire.

Intermatic filed this motion in limine on September 10, 2007. Nationwide filed its response on September 17, 2007. The motion in limine hearing took place on September 25, 2007. A 4-day jury trial is scheduled to begin on October 22, 2007.

### III. DISCUSSION

Anticipating that Nationwide may attempt to introduce evidence of other incidents allegedly involving Intermatic pool timers at trial, Intermatic sought an order from this Court excluding such evidence on the grounds that it is irrelevant, unreliable, and inadmissible. Further, Intermatic argued that Nationwide "simply cannot establish substantial similarity between the case at hand and any other incident," because Nationwide did not identify any other incidents with Intermatic pool timers in the Joint Pretrial Statement or in the expert witness reports pursuant to Fed. R. Civ. P. 26. In written response, Nationwide acknowledged Intermatic's contention that no evidence of other incidents had been produced, but did not identify any evidence of other incidents involving Intermatic pool timers. At the hearing, Nationwide admitted that it was not aware of any other incidents and it was not aware that any such evidence had been discovered. Because no evidence of other incidents has been produced or discovered, Nationwide may not attempt to introduce any evidence of other incidents at trial.

### VI. PROPOSED CONCLUSION

Pursuant to the foregoing discussion, this Court GRANTS Intermatic's motion to exclude evidence of other incidents involving Intermatic pool timers for all purposes. IT IS SO ORDERED.

Dated:     September 25, 2007              /s/ Lawrence J. O'Neill
                                           UNITED STATES DISTRICT JUDGE